**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM, and ROOFERS LOCAL 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,** | **CIVIL ACTION FILE** |
| **Plaintiffs,** | **NO. 1:17-CV-241-MHC** |
| **v.** | |
| **THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS, and THOMAS O. ANDERSON,** | |
| **Defendants.** | |

# ORDER

This matter is before the Court on Defendants' Motion for Clarification [Doc. 45] ("Mot. for Clarification"), and Motion for Extension of Time to Answer the Amended Complaint [Doc. 44].

Defendants' Motion for Clarification indicates that the parties are unclear as to the nature and extent of the Court's March 29, 2018, Order as it relates to Count II of Plaintiffs' Consolidated Complaint [Doc. 28] ("Compl."), which alleges a violation of § 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). See

Order dated March 29, 2018 [Doc. 43] ("March 29 Order") at 85-86. Specifically, Defendants indicate that the parties disagree as to whether the Section 20(a) claims against Defendants Thomas A. Fanning, Art P. Beattie, and G. Edison Holland, Jr. were dismissed as a result of the March 29 Order. Defendants argue that the March 29 Order dismissed Fanning, Beattie, and Holland from the action entirely, which necessarily meant the dismissal of the Section 20(a) claims in Count II. Mot. for Clarification at 2. Plaintiffs argue that no clarification is needed from the Court, that the Court properly denied Defendants' Motion to Dismiss the Section 20(a) claims, and that those claims remain pending against Fanning, Beattie, and Holland. Pls.' Resp. to Defs.' Mot. for Clarification [Doc. 46] at 1.

In the interest of ensuring that its Order is clear for all parties, the Court hereby revisits Sections III. F. and IV. of the March 29 Order to add clarifying language. To the extent the following language provides additional explanation and direction, this Order supersedes the March 29 Order.

**SECTION 20(a) CLAIM**

Section 20(a) of the Exchange Act imposes joint and several liability on

> [e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable (including to the Commission in any action brought under paragraph (1) or (3) of section 78u(d) of this title),

> unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). The elements of a Section 20(a) claim are: (1) a primary violation of federal securities laws; (2) the defendant's exercise of actual power or control over the primary violator; and (3) that the defendant had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in primary violation. Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008); see also In re Galectin Therapeutics, Inc. Sec. Litig., 843 F.3d 1257, 1276 (11th Cir. 2016). If Plaintiffs cannot plead a securities fraud claim under Section 10(b) and Rule 10b-5, the control person liability claim would be subject to dismissal. Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc., 594 F.3d 783, 797 (11th Cir. 2010); see also Mizzaro, 544 F.3d at 1237 ("Because a primary violation of the securities laws is an essential element of a § 20(a) derivative claim, we have held that a plaintiff adequately pleads a § 20(a) claim only if the primary violation is adequately pleaded.").

Defendants argue in their Motion to Dismiss that the derivative control person claim under Section 20(a) fails as a matter of law because Plaintiffs failed to sufficiently allege a primary violation of Section 10(b) and Rule 10b-5. Mem. of Law in Supp. of Defs.' Mot. to Dismiss [Doc. 37-1] ("Defs.' Br.") at 35. The

Court rejected Defendants' argument because Plaintiffs have stated a claim under Section 10(b) and Rule 10b-5. March 29 Order at 86.

Defendants also argue that Plaintiffs' Section 20(a) claim against Defendants Huggins, Anderson, Holland, and Day fails because Plaintiffs have not pleaded any facts demonstrating that these defendants had the "power to control the general affairs" of the Southern Company. Defs.' Br. at 35.[1] The Court rejects Defendants' argument.

> "Control" is defined by the SEC as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405; see also Howard [v. Everex Sys., Inc.], 228 F.3d [1057,] 1065 [(9th Cir. 2000)] (accepting the SEC's definition of control). Whether an individual defendant is a "controlling person 'is an intensely factual question,' involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." Kaplan v. Rose, 49 F.3d 1363, 1382 (9th Cir. 1994) (quoting Arthur Children's Trust v. Keim, 994 F.2d 1390, 1396-97 (9th Cir. 1993)).

In re Galectin Therapeutics, 843 F.3d at 1276 n.11.

Plaintiffs' Complaint alleges generally that the individual Defendants, "[b]y virtue of their positions and their power to control public statements about the Company . . . had the power and ability to control the actions of the Company and

[1] This argument was not addressed in the Court's March 29 Order.

their employees." Compl. ¶ 235; see also id. ¶ 176 ("Defendants actively monitored or managed the construction of the Kemper Plant."). The Complaint includes specific factual allegations regarding the positions held by Defendants Day, Holland, Huggins, and Anderson from which they are alleged to have exercised the requisite level of control. See id. ¶¶ 23, 179 (alleging that Day was the CEO of Mississippi Power, that he was "always" at the Kemper Plant, and that he "actively monitored and managed the Kemper Plant project given that it was the largest project in the history of Mississippi Power."); 24, 180 (alleging that Holland was the Executive Vice President, General Counsel, and Corporate Secretary of Southern Company through May 2013, when he became the Executive Vice President and Chairman, President, and Chief Executive Officer of Mississippi Power, and that he "was actively involved in the Kemper Plant project given that it was the largest project in the history of Mississippi Power."); 25, 181 (alleging that Huggins was the Southern Company general manager responsible for overseeing the Kemper Plant startup, engineering, and construction services from 2010 through May 20, 2013, when he was promoted to the Vice President of Generation Development for Mississippi Power and "was actively involved in managing the construction of the Kemper Plant and attended monthly production meetings"); 26, 182 (alleging that Anderson was the Vice President of Generation

Development for Mississippi Power from July 2009 through May 2013, and was the person "primarily responsible" for overseeing the Kemper Plant Project). Further, the Complaint includes allegations that both Day and Holland signed Sarbanes-Oxley certifications that the statements in various Form 10-Qs and a Form 10-K did not contain any untrue statement of material fact and that "they had designed disclosure controls to ensure that material information relating to the Company was made known to them." See id. ¶¶ 114, 121, 129, 142, 148, 156, 179-80.

Plaintiffs' allegations are sufficient, at this stage of the proceedings,[2] to allege that Defendants Day, Holland, Huggins, and Anderson exercised the requisite level of control over the general affairs of the Southern Company and Mississippi Power and the specific policies underlying the alleged violations of the securities laws. See In re Friedman's, Inc. Sec. Litig., 385 F. Supp. 2d 1345, 1373-74 (N.D. Ga. 2005).

---

[2] See In re AFC Enters., Inc. Sec. Litig., 348 F. Supp. 2d 1363, 1381 (N.D. Ga. 2004) (denying motion to dismiss control person claims and stating that "[g]enerally, status as a control person is a question of fact" and that the issue "may be revisited by a motion for summary judgment at an appropriate time.").

Therefore, to the extent Defendants' Motion to Dismiss relies upon the arguments that Plaintiffs' claims in Count II fail because (1) there was no primary violation of Section 10(b) and Rule 10b-5, or (2) Plaintiffs' Complaint did not include sufficient allegations that Defendants Day, Holland, Huggins, and Anderson were control persons, the Motion to Dismiss is **DENIED**.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the Defendants' Motion for Clarification [Doc. 45] is **GRANTED**. As stated in this Order and in the Court's March 29 Order, Defendants' Motion to Dismiss is **GRANTED** to the extent that the claims in Plaintiffs' Complaint are based on Statement Nos. 1-2, 4, 7, 13, 21-22, 27, 32, 34, and 36, which are forward-looking statements protected by the PSLRA safe harbor provision and not actionable in this case. Further, Defendants' Motion to Dismiss is **GRANTED** as to the Claims asserted in Count I against Defendants Fanning, Beattie, and Holland. Defendants' Motion to Dismiss Count II is **DENIED** as to all Defendants. Defendants Fanning, Beattie, and Holland remain parties to this case and the Clerk is **DIRECTED** to amend the docket to reflect that Defendants Fanning, Beattie, and Holland have not been terminated from this case.

It is further **ORDERED** that Defendants' Motion for Extension for Time to Answer the Amended Complaint [Doc. 44] is **GRANTED**, and Defendants shall file an Answer on or before May 3, 2018.

**IT IS SO ORDERED** this 6th day of April, 2018.

MARK H. COHEN
United States District Judge