IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Monroe County Employees' Retirement System** *Individually and on Behalf of All Others Similarly Situated* and **Roofers Local 149 Pension Fund**,<br><br>    Plaintiffs,<br><br>    v.<br><br><br>**The Southern Company,** et al,<br><br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:17-CV-241-WMR |

### ORDER APPOINTING SPECIAL MASTER

Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints Mr. John P. Jett of Kilpatrick Townsend as Special Master, having found that disputed discovery issues demand the intervention of an attorney with experience in litigating similar discovery issues as is present in this case. The appointment of Mr. Jett was suggested by the Defendants; the Court picked from two lists of possible candidates separately suggested by the parties when they could not agree. The Court selected Mr. Jett in part based upon its familiarity with him and his firm, as well as based upon his experience as a

1

litigator in Federal Court as demonstrated by his position as President of the local chapter of the Federal Bar Association.

Specifically, Mr. Jett is retained to review certain records which Plaintiffs seek that the Defendants contend are highly sensitive, confidential, constitute trade secrets, constitute work product, are protected by the attorney client privilege and/or are not reasonably related to the issues in this lawsuit.  As such, Defendants contend they will be irreparably harmed if Plaintiffs have access to their confidential records even for the limited purposes of determining relevance and discoverability to the Plaintiffs' claims herein.  Mr. Jett's role will be to advise the Court, after his in camera inspection, as to whether some or all of the documents which Defendants claim are not discoverable are, in fact, properly privileged and should be protected, and/or whether any said documents should be produced to Plaintiffs over the Defendants' objections.

The parties and Mr. Jett shall not communicate on an *ex parte* basis except to the extent needed to discuss administrative or scheduling matters. Mr. Jett, however, may contact the Court on an *ex parte* basis to discuss any matters relevant to this case. Mr. Jett's point of contact with the Court is Sherri Lundy (Sherri_Lundy@gand.uscourts.gov, 404-215-1481).

To facilitate making the case file available to Mr. Jett, the Court authorizes that he be provided with access to the filings of this case through

Case Management/Electronic Case Filing ("CM/ECF"). Mr. Jett shall have access to all filings, including sealed items. The Clerk is directed to provide Mr. Jett with the requisite account and password without charge. Such access is granted for Mr. Jett's use solely in this case.

Mr. Jett shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written findings, reports and/or recommendations. Mr. Jett shall file any written findings, reports and/or recommendations with the Court via CM/ECF. Such filing shall constitute service in accordance with LR 5.1(A), NDGa.

Pursuant to Fed. R. Civ. P. 53(f)(2), any party may file an objection to any findings, reports and recommendations made by Mr. Jett within **fourteen days** after the date of issuance of the findings, or reports and recommendations, **unless the Court orders otherwise**. Failure to meet this deadline results in a waiver of any objection to Mr. Jett's findings, reports and recommendations. Absent timely objections, Mr. Jett's findings, reports and recommendations shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly states otherwise. The Court's actions on any written findings, reports and/or recommendations of the Special Master shall be reviewed and handled in accordance with Fed. R. Civ. P. 53(f). The Court shall decide *de novo* all objections to the findings, reports and recommendations by Mr. Jett.

The Plaintiffs shall make arrangements with Mr. Jett to compensate him for his services on an hourly basis. Notwithstanding the Plaintiffs' obligation to compensate Mr. Jett, the Plaintiffs do not waive their right to seek all allowable costs, including the fees and expenses paid to Mr. Jett, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, and Fed. R. Civ. P. 37.

Pursuant to Fed. R. Civ. P. 53(a)(2) and 53(b)(3), Mr. Jett shall file an affidavit with the Court stating that he has no relationship to the parties, counsel, action, or that the Court that would require disqualification of a judge under 28 U.S.C. § 455. Mr. Jett shall notify the Court immediately if he becomes aware of any potential grounds that would require disqualification.

Mr. Jett shall proceed with all reasonable diligence to complete the tasks assigned by this Order.

IT IS SO ORDERED, this 4th day of August, 2020.

*William M. Ray II*
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE