UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civil Action No. 1:17-cv-00241-WMR <br><br> <u>CLASS ACTION</u> <br><br> STIPULATION OF SETTLEMENT |
| Plaintiffs, | ) ) | |
| vs. | ) | |
| THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This Stipulation of Settlement, dated September 8, 2020 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Roofers Local No. 149 Pension Fund and Plaintiff Monroe County Employees' Retirement System ("Plaintiffs") (on behalf of themselves and each Class Member[1]), by and through their counsel of record in the Litigation; and (ii) Defendants The Southern Company ("Southern Company" or the "Company"), Thomas A. Fanning, Art P. Beattie, Edward Day, VI, G. Edison Holland, Jr., John C. Huggins and Thomas O. Anderson ("Individual Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before the Honorable William M. Ray, II in the United States District Court for the Northern District of Georgia (the "Court"). The initial complaint in this action was filed on January 20, 2017.  On April 11, 2017, the Court appointed Lead Plaintiff and Lead Counsel.

---

[1]   All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein and §IV.1 herein shall control over any conflicting definition of a capitalized term.

Plaintiffs' Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint"), filed on June 12, 2017, alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934. More specifically, Plaintiffs allege that throughout the Class Period (between April 25, 2012 and October 30, 2013, inclusive), Defendants allegedly made materially false and misleading statements and/or failed to disclose adverse information regarding the progress of a clean coal power plant in Kemper County, Mississippi (the "Kemper Plant"), which, according to the Complaint, caused the price of Southern Company common stock to trade at artificially inflated prices, until the market learned of the purported false and misleading statements or omissions, and the Company's stock price declined. Defendants deny each and all of Plaintiffs' allegations. Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

On July 27, 2017, Defendants moved to dismiss the Complaint. Plaintiffs opposed the motion on September 11, 2017, and Defendants filed their reply on October 11, 2017. On March 29, 2018, the Court granted in part, and denied in part, Defendants' motion to dismiss.

On April 26, 2018, Defendants moved for reconsideration of the Court's March 29, 2018 order on the motion to dismiss and on May 23, 2018, moved the Court for an

order seeking leave to file an immediate appeal to the Eleventh Circuit in the event the Court denied Defendants' motion for reconsideration. Plaintiffs opposed both motions. On July 31, 2018, the Court heard oral argument on Defendants' motions, and on August 10, 2018, the Court denied both motions in their entirety.

On September 24, 2018, Plaintiffs filed their motion to certify the class. Defendants opposed the motion, and moved to exclude Plaintiffs' expert's opinions in support of the motion. Plaintiffs opposed Defendants' motion to exclude, and moved to exclude Defendants' expert's opinions submitted in opposition to the class certification motion. Reply briefs were filed to each motion, and on May 21 and 22, 2019, the Court held an evidentiary hearing on the motions. On June 12, 2019, the Court denied the motions to exclude the expert's opinions, and on August 22, 2019, granted Plaintiffs' motion for class certification. Defendants filed a Rule 23(f) petition with the Eleventh Circuit on September 5, 2019, which was opposed by Plaintiffs on September 16, 2019. On August 28, 2020, the Eleventh Circuit granted the parties' joint motion to hold Defendants' petition in abeyance pending finalization of the Settlement.

In December 2019, the Settling Parties requested that the Court stay the case through March 2020 to permit mediation efforts, which request was granted. On February 20, 2020, the Settling Parties attended an in-person mediation with David M.

- 3 -

Murphy, Esq. of Phillips ADR.  In advance of the mediation, the Settling Parties exchanged and provided to Mr. Murphy detailed mediation statements and replies, which addressed the strengths and weaknesses of each side's case.  Although the Settling Parties negotiated in good faith, no settlement was reached, and litigation efforts continued.  While litigation was ongoing, the Settling Parties continued settlement discussions through Mr. Murphy.  On August 15, 2020, the Settling Parties reached an agreement-in-principle to resolve the Litigation, and executed a Term Sheet memorializing their agreement.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $87,500,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Settling Parties.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants expressly have denied, and continue to deny, that they have committed any act or made any materially misleading statement giving rise to any liability under §§10(b) and 20(a) of the Securities

Exchange Act of 1934.  Specifically, Defendants expressly have denied, and continue to deny, that they have committed or intended to commit any wrongdoing or violations of law as alleged in any complaint in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants also have denied, and continue to deny, that they made any material misstatement or omission, that the price of Southern Company common stock was artificially inflated as a result, that they acted with scienter, that any Class Members, including Plaintiffs, have suffered any damages, or that any Class Members, including Plaintiffs, were harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

- 5 -

### III. PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through summary judgment, trial, and through appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Litigation. Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Class.

### IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and the Class Members) and Defendants, by

and through their counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1. Definitions

As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment.

1.2 "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4 "Class" means all Persons who purchased or otherwise acquired Southern Company common stock during the Class Period, and were allegedly damaged thereby. Excluded from the Class are Defendants, the Officers and directors of Southern Company during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any

Defendant has or had a controlling interest. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

1.5    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.6    "Class Period" means the period between April 25, 2012 and October 30, 2013, inclusive.

1.7    "Defendants" means, collectively, Southern Company and the Individual Defendants.

1.8    "Defendants' Counsel" means any attorney, law firm, or member of any law firm that has appeared in the Litigation on behalf of any Defendant.

1.9    "Effective Date," or the date upon which this Settlement becomes effective, means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.10    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.11    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no

longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) the United States Supreme Court has granted further appellate review and has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.13   "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.14   "Litigation" means the action captioned *Monroe County Employees' Retirement System, et al. v. The Southern Company, et al.*, Case No. 1:17-cv-00241-WMR, pending in the United States District Court for the Northern District of Georgia.

1.15   "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.16   "Officer(s)" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

1.17   "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership,

limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.18   "Plaintiffs" means Roofers Local No. 149 Pension Fund and Monroe County Employees' Retirement System.

1.19   "Plaintiffs' Counsel" means any attorney, law firm, or member of any law firm that has appeared in the Litigation on behalf of Plaintiffs or the Class.

1.20   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.   Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.21   "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

- 11 -

1.22   "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.23   "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that relate to the purchase or other acquisition of Southern Company common stock during the Class Period, and that the Plaintiffs or any Member of the Class (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint.   "Released Claims" does not include claims to enforce the

Settlement, any derivative or ERISA claims, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined in ¶1.33 hereof.

1.24   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.25  "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" mean Defendants, Defendants' Counsel and their Related Parties.

1.26   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and each and all of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the

- 13 -

spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party (who is an individual), as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion from the Class.

1.27 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.28 "Settlement Amount" means Eighty Seven Million Five Hundred Thousand U.S. Dollars (U.S. $87,500,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.29 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.30 "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.31 "Settling Parties" means, collectively, Defendants and Plaintiffs, on behalf of themselves and the Class.

1.32   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.33   "Unknown Claims" means (a) any and all Released Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the

Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged,

extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or

equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, Defendants shall cause their directors and officers liability insurers (the "D&O Insurers") to deposit the Settlement Amount into the Escrow Account (defined below) by check or wire transfer on or

before twelve (12) business days after entry of an order preliminarily approving the Settlement and directing notice to the Class. Lead Counsel agrees to cooperate with the D&O Insurers to provide them the information they need to securely make the deposit and avoid the potential for misdirected funds. The Escrow Agent shall insure the Settlement Amount plus any accrued interest is maintained in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3    If the entire Settlement Amount is not timely paid into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.4    Other than the obligation to cause to be paid the Settlement Amount into the Escrow Account set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or

- 19 -

payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.5     Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, Defendants shall have no obligation to make or cause to make any other payments pursuant to the Stipulation.

### b.     The Escrow Agent

2.6     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the

Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for claims arising out of the actions of the Escrow Agent in connection with the Settlement.

2.7    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.8    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for claims arising out of any transaction executed by the Escrow Agent in connection with the Settlement.

2.9    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.10   Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees, and costs, if any ("Notice and Administration Expenses"), up to the sum of $750,000.00.  Prior to the Effective Date, all such Notice and Administration Expenses in excess of $750,000.00 shall be paid from the Settlement Fund subject to prior approval of the Court.  After the Effective Date, Notice and Administration Expenses may be paid as incurred, without approval of Defendants or further order of the Court.

2.11   It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.  Consistent with the provisions of ¶2.10 above, the Escrow Agent, through the Settlement Fund, shall indemnify and

hold each of the Released Defendant Parties and their counsel harmless for claims arising out of the Notice and Administration Expenses in connection with the Settlement.

### c.    Taxes

2.12   The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for review and approval by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)      All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing

(or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

2.13   This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

### d.   Termination of Settlement

2.14   In the event that the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.10 and 2.12 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.    Notice Order and Settlement Hearing

3.1    Immediately following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined below.

3.2    Within ten (10) calendar days after entry of the Notice Order, Southern Company shall provide the Claims Administrator, at no cost to Plaintiffs or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of purchasers of Southern Company common stock during the Class Period.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to

the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which Defendants provide the appropriate Federal official and the appropriate State officials with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## 4.     Releases

4.1     Upon the Effective Date, as defined in ¶1.9 hereof, Plaintiffs shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or

shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendant Parties.

4.4     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

## 5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall

oversee distribution of the Net Settlement Fund to Authorized Claimants. Other than Southern Company's obligation to provide its shareholders' records as provided in ¶3.2 above, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for, or interest whatsoever in, the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties (including Plaintiffs, any other Class Members, or Plaintiffs' Counsel) or the Claims Administrator in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

      5.2    The Settlement Fund shall be applied as follows:

            (a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Plaintiffs' Counsel and to pay any award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4    Within one hundred-twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

- 31 -

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

- 33 -

5.9    Each claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.   All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10   Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than

$10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel and approved by the Court.

5.11 The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12   No Person shall have any claim against the Released Defendant Parties, Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 6.   Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1   Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the

same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. An application for fees and expenses may include a request for reimbursement of Plaintiffs' reasonable costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel may thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event

that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to this ¶6.3 shall be the several obligation of Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiffs' Counsel or Plaintiffs receiving fees, expenses, or awards, as a condition of receiving such fees, expenses, or awards on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund.  Without limitation, Plaintiffs' Counsel and Plaintiffs, and their partners, shareholders, and/or members agree that the Court may, upon

application of Defendants and notice to Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Plaintiffs' Counsel, Plaintiffs, or their partners, shareholders, and/or members fail to timely repay fees, expenses, and awards pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs, Lead Counsel, or Plaintiffs' Counsel, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the D&O Insurers to pay the Settlement Amount into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Notice Order directing notice to the Class, as required by ¶3.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Settling Parties have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof or the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.4 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.11 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.3-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.

7.3     Each of the Plaintiffs and Defendants shall have the right to terminate the Settlement by providing written notice of their election to do so ("Termination

- 41 -

Notice") to all other parties hereto within thirty (30) calendar days of the failure of any of the conditions precedent identified in ¶7.1.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.4    Defendants shall have the right to terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who purchased or otherwise acquired more than a certain number of Southern Company common stock during the Class Period subject to this Settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs and Defendants, by and through their counsel.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms. If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in*

*camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of Southern Company shares.  Notwithstanding the foregoing, Defendants may include a redacted copy of the Supplemental Agreement with any notice provided pursuant to CAFA.

7.5     Unless otherwise ordered by the Court, in the event the Settlement is not approved or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.10 and/or 2.12 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.10 and/or 2.12 hereof, shall be refunded by the Escrow Agent to the D&O Insurers who contributed to the Settlement Fund in proportion to their respective contribution.  Such refunds shall be pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds,

after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this ¶7.5. Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.6    In the event that the Settlement is not approved or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of August 15, 2020. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.33, 2.6-2.9, 2.12-2.14, 6.3, 7.5-7.7, 8.1, 9.4-9.5, and 9.21 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.10 or 2.12. In addition,

any amounts already incurred pursuant to ¶¶2.10 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.14 and 7.5 hereof.

## 8. No Admission of Wrongdoing

8.1 Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing

of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)     shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)     shall be construed against Defendants, Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given

hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.    Miscellaneous Provisions

9.1    The Settling Parties:   (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.   The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses, and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability

- 48 -

protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6    All of the Exhibits to this Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    This Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation and the Exhibits attached hereto together with the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement, other than the

representations, warranties, and covenants contained and memorialized in such documents.

9.9    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class that it deems appropriate.

9.11    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same

instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

*If to the Defendants or Defendants' Counsel:*

JONES DAY
MICHAEL J. McCONNELL
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309

9.14   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

- 51 -

9.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16   The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18   This Stipulation, its Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Georgia and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Georgia without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

executed, by their duly authorized attorneys, dated September 8, 2020.

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN
DEBRA J. WYMAN
DARRYL J. ALVARADO
ASHLEY M. PRICE
HILLARY B. STAKEM
RACHEL A. COCALIS

_____
DARRYL J. ALVARADO

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
debraw@rgrdlaw.com
dalvarado@rgrdlaw.com
aprice@rgrdlaw.com
hstakem@rgrdlaw.com
rcocalis@rgrdlaw.com

Lead Counsel for the Class

HERMAN JONES LLP
JOHN C. HERMAN
  (Georgia Bar No. 348370)
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6555
404/504-6501 (fax)
jherman@hermanjones.com

Local Counsel

- 54 -

ASHERKELLY
MICHAEL J. ASHER
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com

Additional Counsel

JONES DAY
MICHAEL J. McCONNELL
JANINE CONE METCALF
ASHLEY F. HEINTZ
ROBERT A. WATTS

MICHAEL J. McCONNELL

1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: 404/581-3939
404/581-8330 (fax)

Attorneys for Defendants

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:17-cv-00241-WMR<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

4814-9916-8968.v2

WHEREAS, an action is pending before this Court entitled *Monroe County Employees' Retirement System, et al. v. The Southern Company, et al.*, Case No. 1:17-cv-00241-WMR (N.D. Ga.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated September 8, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator, David M. Murphy of Phillips ADR;

(b)     the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)     the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Class;

- 1 -

(d)    the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2020, at ___ __.m. [a date that is at least 100 calendar days from entry

- 2 -

of this Order], at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing by video or telephonically without further notice to the Members of the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶6 of this Order,

- 3 -

meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.      It is solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class.  All fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.  Notwithstanding the foregoing, Southern Company shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator (defined below) pertinent and reasonably available transfer records for purposes of mailing notice to the Class pursuant to ¶3.2 of the Stipulation.

6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Southern Company shall provide to the Claims Administrator, at no cost to Plaintiffs or the Class, within ten (10) calendar days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as

4814-9916-8968.v2

Excel, containing the names and addresses of Persons who purchased or otherwise acquired Southern Company common stock during the Class Period;

(b)    Not later than _____, 2020 (the "Notice Date") [a date twenty-one (21) calendar days after entry by this Court of this Order], the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim on its website at www.SouthernCompanySecuritiesSettlement.com;

(c)    Not later than _____, 2020 [a date seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service (and shall provide Defendants' Counsel copies of the as-published Summary Notice at the time of each publication); and

(d)    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.    Nominees who purchased or acquired Southern Company common stock during the Class Period for the beneficial ownership of potential Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of Southern

- 5 -

Company common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.     Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

9.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2021 [a date one hundred-

twenty (120) calendar days from the Notice Date].  Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

10.    Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

11.    Any Person who purchased or otherwise acquired Southern Company common stock during the Class Period may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2020 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing].  A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares of common stock and date of each purchase or acquisition of Southern

- 7 -

Company common shares and the price paid for any purchase or acquisition of Southern Company common shares between April 25, 2012 and October 30, 2013, inclusive; and (iii) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Southern Company common stock during the Class Period who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding.

12.    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion within no later than five (5) calendar days of receipt by the Claims Administrator. Notwithstanding the foregoing, in no event shall Lead Counsel or the Claims Administrator provide timely requests for exclusion to Defendants' Counsel fewer than fourteen (14) calendar days before the Settlement Hearing. Any later-received requests for exclusion shall be provided to Defendants' Counsel by Lead Counsel or the Claims Administrator within one (1)

- 8 -

4814-9916-8968.v2

business day of receipt.  Lead Counsel shall also provide Defendants' Counsel any written revocation of requests for exclusion promptly upon receipt and as expeditiously as possible.

13.    Any Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why expenses should or should not be awarded to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2020 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing], by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Jones Day, Michael J. McConnell, 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303, on or before

4814-9916-8968.v2

_____, 2020 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing]. Any Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel or expenses of Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to appear and present evidence at the Settlement Hearing must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

14. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class

- 10 -

Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of Southern Company common stock during the Class Period, including the dates, the number of shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

15.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by _____, 2020 [a date that is thirty-five (35) calendar days prior to the Settlement Hearing]. Replies to any objections shall be filed and served by _____, 2020 [a date that is seven (7) calendar days prior to the Settlement Hearing].

4814-9916-8968.v2

17.     Neither the Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for (i) the Plan of Allocation; (ii) any application for attorneys' fees or expenses submitted by Lead Counsel; or (iii) expenses of Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and the Settlement of the Litigation.

18.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

19.     All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

- 12 -

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21.     The Court reserves the right to adjourn the date of the Settlement Hearing, or hold the Settlement Hearing by video or telephonically, without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

22.     If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  In such event, this Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of August 15, 2020.

23.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final

4814-9916-8968.v2

determination of whether the proposed Settlement should be approved, neither

Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any

other capacity, shall commence or prosecute against any of the Defendants, any action

or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: _____      _____
                                              THE HONORABLE WILLIAM M. RAY, II
                                              UNITED STATES DISTRICT JUDGE

4814-9916-8968.v2

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civil Action No. 1:17-cv-00241-WMR <u>CLASS ACTION</u> NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| Plaintiffs, | ) ) | |
| vs. | ) ) | EXHIBIT A-1 |
| THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE SOUTHERN COMPANY ("SOUTHERN COMPANY" OR THE "COMPANY") COMMON STOCK BETWEEN APRIL 25, 2012 AND OCTOBER 30, 2013, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2021**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice")[1] has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Northern District of Georgia (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Plaintiffs Monroe County Employees' Retirement System and Roofers Local No. 149 Pension Fund and Southern Company, Thomas A. Fanning, Art P. Beattie, Edward Day, VI, G. Edison Holland, Jr., John C. Huggins, and Thomas O. Anderson ("Defendants") and the proposed $87,500,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as Plaintiffs' Counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2021.** |

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated September 8, 2020 (the "Stipulation"), which is available on the website www.SouthernCompanySecuritiesSettlement.com.

- 1 -

| | |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before _____, 2020.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before _____, 2020.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2020** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before _____, 2020.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## <u>SUMMARY OF THIS NOTICE</u>

**Statement of Class Recovery**

Pursuant to the Settlement described herein, an $87.5 million settlement has been established.  Based on Plaintiffs' estimate of the number of Southern Company shares eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.19 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Class Members should note, however, that these are only estimates**.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit

acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average amount.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Southern Company common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Southern Company common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Southern Company common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Southern Company common stock at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Southern Company common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of Southern Company common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery.  Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus expenses not to exceed $1,000,000.00, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.  If the amounts requested are approved by the Court, the average cost per Southern Company common stock will be approximately $0.06.  In addition, Plaintiffs may seek payment from the Settlement Fund for their time and expenses incurred in representing the Class, in an amount not to exceed $10,000.00 in the aggregate.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-___-___-____, or visit the website www.SouthernCompanySecuritiesSettlement.com.

You may also contact a representative of counsel for the Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Southern Company common stock during the period between April 25, 2012 and October 30, 2013, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

- 4 -

The Court in charge of the Litigation is the United States District Court for the Northern District of Georgia, and the case is known as *Monroe County Employees' Retirement System, et al. v. The Southern Company, et al.*, No. 1:17-cv-00241-WMR. The case has been assigned to the Honorable William M. Ray, II. The entities representing the Class are the "Plaintiffs," and the Company and individuals the Plaintiffs sued and who have now settled are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

Plaintiffs' Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint"), filed on June 12, 2017, alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934. More specifically, Plaintiffs allege that throughout the Class Period (between April 25, 2012 and October 30, 2013, inclusive), Defendants allegedly made materially false and misleading statements and/or failed to disclose adverse information regarding the progress of a clean coal power plant in Kemper County, Mississippi (the "Kemper Plant"), which, according to the Complaint, caused the price of Southern Company common stock to trade at artificially inflated prices, until the market learned of the alleged false and misleading statements or omissions, and the Company's stock price declined. Defendants deny each and all of Plaintiffs' allegations. Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

On July 27, 2017, Defendants moved to dismiss the Complaint. Plaintiffs opposed the motion on September 11, 2017, and Defendants filed their reply on October 11, 2017. On March 29, 2018, the Court granted in part, and denied in part, Defendants' motion to dismiss.

On April 26, 2018, Defendants moved for reconsideration of the Court's March 29, 2018 Order on the motion to dismiss and on May 23, 2018, moved the Court for an order seeking leave to file an immediate appeal to the Eleventh Circuit in the event the Court denied Defendants' motion for reconsideration. Plaintiffs opposed both motions. On July 31, 2018, the Court heard oral argument on Defendants' motions, and on August 10, 2018, the Court denied both motions in their entirety.

On September 24, 2018, Plaintiffs filed their motion to certify the class. Defendants opposed the motion, and moved to exclude Plaintiffs' expert's opinions in support of the motion. Plaintiffs opposed Defendants' motion to exclude, and moved to exclude Defendants' expert's opinions submitted in opposition to the class

certification motion.  Reply briefs were filed to each motion, and on May 21 and 22, 2019, the Court held an evidentiary hearing on the motions.  On June 12, 2019, the Court denied the motions to exclude the experts' opinions, and on August 22, 2019, granted Plaintiffs' motion for class certification.  Defendants filed a Rule 23(f) petition to the Eleventh Circuit on September 5, 2019, which was opposed by Plaintiffs on September 16, 2019.  On August 28, 2020, the Eleventh Circuit granted the Settling Parties' joint motion to hold Defendants' petition in abeyance pending finalization of the Settlement.

In December 2019, the Settling Parties requested that the Court stay the case through March 2020 to permit mediation efforts, which request was granted.  On February 20, 2020, the Settling Parties attended an in-person mediation with David M. Murphy, Esq. of Phillips ADR.  In advance of the mediation, the Settling Parties exchanged and provided to Mr. Murphy detailed mediation statements and replies, which addressed the strengths and weaknesses of each side's case.  Although the Settling Parties negotiated in good faith, no settlement was reached, and litigation efforts continued.  While litigation was ongoing, the Settling Parties continued settlement discussions through Mr. Murphy.  On August 15, 2020, the Settling Parties reached an agreement-in-principle to resolve the Litigation, and executed a Term Sheet memorializing their agreement.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $87,500,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation.  Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| **3.** | **Why is there a settlement?** |
| --- | --- |

The Court has not decided in favor of Defendants or of the Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| **4.     How do I know if I am a Member of the Class?** |
|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Southern Company common stock during the Class Period, and were allegedly damaged thereby.

Excluded from the Class are: Defendants, the Officers and directors of Southern Company during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

| **5.     What if I am still not sure if l am included?** |
|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-___-___-____, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.     What does the Settlement provide?** |
|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants will cause to be

paid $87.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim and Release form ("Proof of Claim").  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.SouthernCompanySecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2021**.  The Proof of Claim form may be submitted online at www.Southern CompanySecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2020, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties (as defined below) about the Released Claims (as

defined below).[2]  It also means that Court's orders and the Judgment will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that relate to the purchase or other acquisition of Southern Company common stock during the Class Period, and that the Plaintiffs or any other Member of the Class (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint.  "Released Claims" does not include claims to enforce the Settlement, any derivative or ERISA claims, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), against Plaintiffs, Plaintiffs' Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" mean each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Plaintiffs, Lead Counsel, Plaintiffs' Counsel,

---

[2]   The Stipulation also provides for certain releases of the Plaintiffs, the Class, and Plaintiffs' Counsel.  The full terms of the releases can be found in the Stipulation, which can be viewed at www.SouthernCompanySecuritiesSettlement.com.

and each and all of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party (who is an individual), as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion from the Class.

- "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not

- 10 -

know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected,

- 11 -

contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons on your own regarding the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you

may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.     How do I get out of the Class and the proposed Settlement?** |
|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Southern Company Securities Settlement*."   Your letter must include your purchases or acquisitions of Southern Company common stock during the Class Period, including the dates, the number of shares purchased or acquired, and price paid for each such purchase or acquisition.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2020** to:

*Southern Company Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

**12.   If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?**

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You may need to exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2020.

**13.   If I exclude myself, can I get money from the proposed Settlement?**

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

**14.   Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.   How will the lawyers be paid?**

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,000,000.00 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek up to $10,000.00 in the aggregate for their time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  Any objections, filings, and other submissions by an objecting Class Member must:  (i) state the name, address, telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of Southern Company common stock during the Class Period, including the dates, the number of shares purchased, acquired or sold, and price paid or received for each such purchase, acquisition, or sale.  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2020:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA Richard B. Russell Federal Building and United States Courthouse 75 Ted Turner Drive, S.W. Atlanta, GA  30303 | ROBBINS GELLER RUDMAN  & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA  92101 | JONES DAY MICHAEL J. McCONNELL 1420 Peachtree Street, N.E. Suite 800 Atlanta, GA 30309 |

| **17.** | **What is the difference between objecting and excluding?** |

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their

- 15 -

Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|-----|----------------------------------------------------------------------------------|

The Court will hold a Settlement Hearing at _____.m., on _____, 2020, in the Courtroom of the Honorable William M. Ray, II, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA  30303.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.

In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket or the Settlement website, www.SouthernCompanySecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SouthernCompanySecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone, the**

- 16 -

telephone number for accessing the telephonic conference will be posted to the
Settlement website, www.SouthernCompanySecuritiesSettlement.com.   If you
want to attend the hearing, either in person or telephonically, if permitted, you should
check      with      Lead      Counsel      or      the      Settlement      website,
www.SouthernCompanySecuritiesSettlement.com, beforehand to be sure that the date
and/or time has not changed.

| 19.    Do I have to come to the hearing? |
|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are
welcome to come at your own expense.  If you send an objection, you do not have to
come to Court to talk about it.  As long as you mailed your written objection on time,
the Court will consider it.  You may also pay your own lawyer to attend, but it is not
necessary.  Class Members do not need to appear at the hearing or take any other
action to indicate their approval.

| 20.    May I speak at the hearing? |
|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and
expense application, you may ask the Court for permission to speak at the Settlement
Hearing.  To do so, you must include with your objection (*see* question 16 above) a
statement saying that it is your "Notice of Intention to Appear in the *Southern
Company Securities Settlement*."  Persons who intend to object to the Settlement, the
Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead
Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must
include in their written objections the identity of any witnesses they may call to testify
and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your
notice of intention to appear must be *received* **no later than _____, 2020**, and
addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the
addresses listed above in question 16.

You cannot speak at the Settlement Hearing if you exclude yourself from the
Class.

### IF YOU DO NOTHING

| 21.    What happens if I do nothing? |
|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| **22.     How do I get more information?** |
| --- |

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-___-___-____. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.Southern CompanySecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Georgia, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| **23.     How will my claim be calculated?** |
| --- |

As discussed above, the Settlement provides $87,500,000.00 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."   The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.SouthernCompanySecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not

- 19 -

intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is intended to compensate Class Members who purchased or acquired Southern Company common stock during the period between April 25, 2012 and October 30, 2013, inclusive ("Class Period"), and were allegedly damaged thereby under the Securities Exchange Act of 1934 ("Exchange Act").

For purposes of determining the amount a claimant may recover under the Plan, Lead Counsel conferred with its damages expert and the Plan reflects an assessment of the daily per share artificial inflation amounts which allegedly were proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Southern Company common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

In order to have recoverable damages in connection with purchases and/or acquisitions of Southern Company common stock during the Class Period, disclosure(s) of the allegedly misrepresented or omitted information must be the proximate cause of the decline in the price of Southern Company common stock.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Southern Company common stock.  As the result of the alleged corrective disclosures, Plaintiffs allege that artificial inflation was removed from the price of Southern Company common stock on:  April 24, 2013, July 1, 2013, July 31, 2013, October 2, 2013, October 29, 2013, and October 30, 2013.  Plaintiffs allege that these corrective disclosures allegedly impacted the price of Southern Company common stock on April 24, 2013, July 2, 2013, July 31, 2013, August 1, 2013, October 3, 2013, October 30, 2013, and October 31, 2013.

To the extent there are sufficient funds in the Net Settlement Fund, each claimant will receive an amount equal to the claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each claimant, then each claimant shall be paid the percentage of the Net Settlement Fund that each claimant's Recognized Loss bears to the total of the Recognized Loss of all claimants – *i.e.*, the claimant's *pro rata* share of the Net Settlement Fund.

For each Class Period purchase of Southern Company common stock that is properly documented, a "Recognized Loss" will be calculated according to the formulas described below. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

Estimated damages and the Plan were developed based on an event study analysis, which determines how much artificial inflation was in the stock price on each day during the Class Period by measuring how much the stock price was inflated as a result of alleged misrepresentations and omissions and declined as a result of disclosures that corrected the alleged misrepresentations and omissions. Because the alleged corrective disclosures reduced the artificial inflation in stages over the course of the Class Period, the damages suffered by any particular claimant depends on when that claimant purchased and sold their stock, or retained their stock beyond the end of the Class Period.

A claim will be computed as follows:

For each share of Southern Company publicly traded common stock purchased or otherwise acquired from April 25, 2012 through October 30, 2013, inclusive, and:

(a)    Sold prior to the close of trading on April 23, 2013, the Recognized Loss Amount will be $0.00;

(b)    Sold from April 24, 2013 through and including the close of trading on July 1, 2013, the Recognized Loss Amount will be the lesser of: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, and

(c)    Sold from July 2, 2013 through and including the close of trading on July 30, 2013, the Recognized Loss Amount will be the lesser of: (i) the decline in

inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, and

(d)      Sold on July 31, 2013, the Recognized Loss Amount will be the lesser of: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, and

(e)      Sold from August 1, 2013 through and including the close of trading on October 2, 2013, the Recognized Loss Amount will be the lesser of:  (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, and

(f)      Sold from October 3, 2013 through and including the close of trading on October 29, 2013, the Recognized Loss Amount will be the lesser of:  (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, and

(g)      Sold on October 30, 2013, the Recognized Loss Amount will be the lesser of:  (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, and

(h)      Sold from October 31, 2013 through and including the close of trading on January 28, 2014, the Recognized Loss Amount will be the least of:  (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between October 31, 2013 and the date of sale as stated in Table 2 below; and

(i)      Held as of the close of trading on January 28, 2014, the Recognized Loss Amount will be the lesser of:  (i) the decline in inflation during the holding period (as presented in Table 2 below), or (ii) the purchase price minus $41.09, the average closing price for Southern Company common stock between October 31, 2013 and January 28, 2014 (the last entry on Table 2).[3]

---

[3]      Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the

If a claimant had a market gain with respect to his, her, or its overall transactions in Southern Company publicly traded common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Southern Company common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Southern Company common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Southern Company common stock during the Class Period.

---

misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Southern Company common stock during the 90-day look-back period. The mean (average) closing price for Southern Company common stock during this 90-day look-back period was $41.09.

[4]   The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Southern Company common stock purchased or acquired during the Class Period.

[5]   The Claims Administrator will match any sales of Southern Company common stock during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Southern Company common stock sold during the Class Period will be the "Total Sales Proceeds."

[6]   The Claims Administrator will ascribe a value of $40.91 per share for Southern Company common stock purchased or acquired during the Class Period and still held as of the close of trading on October 31, 2013 (the "Holding Value").

**TABLE 1**

**Decline in Inflation by Date of Purchase and Date of Sale**

| Date of Purchase | Date of Sale | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 25 April 2012 through 23 April 2013 | 24 April 2013 through 1 July 2013 | 2 July 2013 through 30 July 2013 | 31 July 2013 | 1 August 2013 through 2 October 2013 | 3 October 2013 through 29 October 2013 | 30 October 2013 | Sold on or Retained Beyond 31 October 2013 |
| 25 April 2012 through 23 April 2013 | $0.00 | $0.85 | $1.03 | $1.23 | $1.53 | $1.86 | $2.23 | $2.52 |
| 24 April 2013 through 1 July 2013 | | $0.00 | $0.18 | $0.38 | $0.68 | $1.01 | $1.38 | $1.67 |
| 2 July 2013 through 30 July 2013 | | | $0.00 | $0.20 | $0.50 | $0.83 | $1.20 | $1.49 |
| 31 July 2013 | | | | $0.00 | $0.30 | $0.63 | $1.00 | $1.29 |
| 1 August 2013 through 2 October 2013 | | | | | $0.00 | $0.33 | $0.70 | $0.99 |
| 3 October 2013 through 29 October 2013 | | | | | | $0.00 | $0.37 | $0.66 |
| 30 October 2013 | | | | | | | $0.00 | $0.29 |
| Purchased on or After 31 October 2013 | | | | | | | | $0.00 |

- 24 -

# TABLE 2

## Southern Company Closing Price and Average Closing Price

| Date | Closing Price | Average Closing Price Between October 31, 2013 and Date Shown | Date | Closing Price | Average Closing Price Between October 31, 2013 and Date Shown |
|---|---|---|---|---|---|
| 10/31/2013 | $40.91 | $40.91 | 12/13/2013 | $40.12 | $41.20 |
| 11/1/2013 | $41.02 | $40.97 | 12/16/2013 | $40.38 | $41.17 |
| 11/4/2013 | $41.49 | $41.14 | 12/17/2013 | $40.31 | $41.14 |
| 11/5/2013 | $41.10 | $41.13 | 12/18/2013 | $41.01 | $41.14 |
| 11/6/2013 | $41.77 | $41.26 | 12/19/2013 | $40.79 | $41.13 |
| 11/7/2013 | $41.52 | $41.30 | 12/20/2013 | $41.06 | $41.13 |
| 11/8/2013 | $41.21 | $41.29 | 12/23/2013 | $40.88 | $41.12 |
| 11/11/2013 | $41.50 | $41.32 | 12/24/2013 | $40.96 | $41.12 |
| 11/12/2013 | $41.39 | $41.32 | 12/26/2013 | $40.75 | $41.11 |
| 11/13/2013 | $41.74 | $41.37 | 12/27/2013 | $40.86 | $41.10 |
| 11/14/2013 | $42.36 | $41.46 | 12/30/2013 | $41.00 | $41.10 |
| 11/15/2013 | $42.42 | $41.54 | 12/31/2013 | $41.11 | $41.10 |
| 11/18/2013 | $42.33 | $41.60 | 1/2/2014 | $40.69 | $41.09 |
| 11/19/2013 | $42.07 | $41.63 | 1/3/2014 | $40.47 | $41.08 |
| 11/20/2013 | $41.40 | $41.62 | 1/6/2014 | $40.40 | $41.06 |
| 11/21/2013 | $41.37 | $41.60 | 1/7/2014 | $40.76 | $41.05 |
| 11/22/2013 | $41.23 | $41.58 | 1/8/2014 | $40.40 | $41.04 |
| 11/25/2013 | $41.00 | $41.55 | 1/9/2014 | $40.62 | $41.03 |
| 11/26/2013 | $40.73 | $41.50 | 1/10/2014 | $41.39 | $41.04 |
| 11/27/2013 | $40.68 | $41.46 | 1/13/2014 | $41.27 | $41.04 |
| 11/29/2013 | $40.63 | $41.42 | 1/14/2014 | $41.10 | $41.04 |
| 12/2/2013 | $40.74 | $41.39 | 1/15/2014 | $41.08 | $41.05 |
| 12/3/2013 | $40.88 | $41.37 | 1/16/2014 | $41.24 | $41.05 |
| 12/4/2013 | $41.09 | $41.36 | 1/17/2014 | $41.16 | $41.05 |
| 12/5/2013 | $40.94 | $41.34 | 1/21/2014 | $41.65 | $41.06 |
| 12/6/2013 | $41.43 | $41.34 | 1/22/2014 | $41.60 | $41.07 |
| 12/9/2013 | $41.04 | $41.33 | 1/23/2014 | $41.43 | $41.08 |
| 12/10/2013 | $40.46 | $41.30 | 1/24/2014 | $41.22 | $41.08 |
| 12/11/2013 | $40.28 | $41.27 | 1/27/2014 | $41.25 | $41.08 |
| 12/12/2013 | $40.20 | $41.23 | 1/28/2014 | $41.25 | $41.09 |

If a Class Member held Southern Company common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales of Southern Company common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Southern Company common stock sold during the Class Period will be matched, in chronological order, first against the common stock held at the beginning of the Class Period. The remaining sales of Southern Company

common stock purchased or acquired during the Class Period will then be matched, in chronological order, against the purchased or acquired Southern Company common stock during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Southern Company common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of shares that have been matched against the Southern Company common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

Purchases or acquisitions and sales of Southern Company common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Southern Company common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Southern Company common stock for the calculation of Recognized Loss unless (i) the donor or decedent purchased or otherwise acquired such Southern Company common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Southern Company common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution calculates to $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants

- 26 -

in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Southern Company common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names

- 27 -

and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Southern Company Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Providence, RI _____
www.SouthernCompanySecuritiesSettlement.com


DATED: _____   _____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Civil Action No. 1:17-cv-00241-WMR CLASS ACTION PROOF OF CLAIM AND RELEASE |
| Plaintiffs, | ) ) | EXHIBIT A-2 |
| vs. | ) ) | |
| THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class[1] based on your claims in the action entitled *Monroe County Employees' Retirement System, et al. v. The Southern Company, et al.*, No. 1:17-cv-00241-WMR (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS**:

---

[1]    All capitalized terms that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated September 8, 2020 (the "Stipulation"), which is available on the website www.SouthernCompanySecuritiesSettlement.com.

*Southern Company Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Providence, RI _____

Online Submissions: www.SouthernCompanySecuritiesSettlement.com

4.      If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

5.      If you do not timely request exclusion and are a Class Member, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.   CLAIMANT IDENTIFICATION

If you purchased or acquired The Southern Company ("Southern Company") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Southern Company common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

4847-3003-0536.v2

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Southern Company common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SOUTHERN COMPANY COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Southern Company Common Stock" to supply all required details of your transaction(s) in

- 3 -

Southern Company common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions and ***all*** of your sales of Southern Company common stock that took place during the period between April 25, 2012 and January 28, 2014, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to ***all*** of the Southern Company common stock you held at the close of trading on April 24, 2012, October 30, 2013, and January 28, 2014.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Southern Company common stock.  The date of a "short sale" is deemed to be the date of sale of Southern Company common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in Southern Company common stock should be attached to your

- 4 -

claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online submission process that is available at www.SouthernCompanySecuritiesSettlement.com.  All claimants *must* submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

4847-3003-0536.v2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

*Monroe County Employees' Retirement System, et al.*
*v. The Southern Company, et al.*

No. 1:17-cv-00241-WMR

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**_____, 2021**

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)


_____

Street Address


_____    _____

City                                                          State or Province


_____    _____

Zip Code or Postal Code                             Country


                                                            Individual

_____    _____    Corporation/Other

Social Security Number or
Taxpayer Identification Number


_____    _____

Area Code      Telephone Number (work)


_____    _____

Area Code      Telephone Number (home)

- 6 -

4847-3003-0536.v2

---

Record Owner's Name (if different from beneficial owner listed above)


PART II:   SCHEDULE OF TRANSACTIONS IN SOUTHERN COMPANY

COMMON STOCK

A.   Number of shares of Southern Company common stock held at the close
of trading on April 24, 2012:   _____

B.   Purchases or acquisitions of Southern Company common stock (April
25, 2012 – January 28, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**   (i)   If any purchase listed covered a "short sale," please mark
Yes.   ☐ Yes

(ii)   If you received shares through an acquisition or merger,
please identify the date, the share amount, and the company
acquired:

☐☐/☐☐/☐☐☐☐
MM DD  YYYY  _____  _____
                    Merger Shares          Company

C.   Sales of Southern Company common stock (April 25, 2012 – January 28,
2014, inclusive):

- 7 -

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of Southern Company common stock held at the close of trading on October 30, 2013:  _____

E.    Number of shares of Southern Company common stock held at the close of trading on January 28, 2014:  _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Georgia with respect to my (our) claim as a Class Member and

- 8 -

for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.   I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Southern Company securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Southern Company common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.      Upon the Effective Date of the Settlement, I (we) acknowledge that I (we) have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims (defined in paragraph 2 below) against each and every one of the Released Defendant Parties (defined below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.  The "Released Defendant Parties" are defined as the Defendants, Defendants' Counsel, and their Related Parties.  "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their

- 9 -

respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

2.      "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that relate to the purchase or other acquisition of Southern Company common stock during the Class Period, and that the Plaintiffs or any other Member of the Class (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint.   "Released Claims" does not include claims to enforce the Settlement, any derivative or ERISA claims, or the claims of any person or entity that

- 10 -

submits a request for exclusion that is accepted by the Court. "Released Claims" includes "Unknown Claims" as defined below.

3.    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and each and all of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party (who is an individual), as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion from the Class.

4.    "Unknown Claims" means (a) any and all Released Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him,

- 11 -

4847-3003-0536.v2

her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited

- 13 -

to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

- 14 -

waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Southern Company common stock that are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such shares held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                                    (Month/Year)                          (City)

_____.
           (State/Country)


_____
(Sign your name here)

- 15 -

_____

(Type or print your name here)


_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

4847-3003-0536.v2

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*Southern Company Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box \_\_\_\_\_
Providence, RI  \_\_\_\_\_
www.SouthernCompanySecuritiesSettlement.com

- 17 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:17-cv-00241-WMR |
| | CLASS ACTION |
| Plaintiffs, | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| vs. | EXHIBIT A-3 |
| THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON, | |
| Defendants. | |

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE SOUTHERN COMPANY ("SOUTHERN COMPANY") COMMON STOCK BETWEEN APRIL 25, 2012 AND OCTOBER 30, 2013, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2020, at __:__ _.m., before the Honorable William M. Ray, II at the United States District Court, Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned Litigation[1] as set forth in the Stipulation of Settlement ("Stipulation")[2] for $87,500,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation ***with prejudice***; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (4) to pay Plaintiffs

---

[1]   All capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation.

[2]   The Stipulation can be viewed and/or obtained at www.SouthernCompanySecuritiesSettlement.com.

- 1 -

for their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the Settlement website, www.SouthernCompanySecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will also be posted to the Settlement website, www.SouthernCompanySecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone, the telephone number for accessing the telephonic conference will be posted to the Settlement website.

4821-5944-6472.v2

IF YOU PURCHASED OR OTHERWISE ACQUIRED SOUTHERN COMPANY COMMON STOCK BETWEEN APRIL 25, 2012 AND OCTOBER 30, 2013, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2021)** or electronically **(no later than _____, 2021)**.  Your failure to submit your Proof of Claim by _____, 2021, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation.  If you purchased or acquired Southern Company common stock between April 25, 2012 and October 30, 2013, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined

- 3 -

terms used in this Summary Notice) and other settlement documents, online at

www.SouthernCompanySecuritiesSettlement.com, or by writing to:

*Southern Company Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box _____
Providence, RI  _____

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the

Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be

made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST

SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED**

**BY _____, 2020**, IN THE MANNER AND FORM EXPLAINED IN

THE NOTICE.   ALL CLASS MEMBERS WILL BE BOUND BY THE

SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF

CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT

TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY

- 4 -

PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $87,500,000 SETTLEMENT AMOUNT, AND EXPENSES NOT TO EXCEED $1,000,000.00, AND/OR THE PAYMENT TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES NOT TO EXCEED $10,000.00 IN THE AGGREGATE. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2020**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____      BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 1:17-cv-00241-WMR ) ) <u>CLASS ACTION</u> ) ) ) [PROPOSED] FINAL JUDGMENT ) AND ORDER OF DISMISSAL WITH |
| Plaintiffs, | ) PREJUDICE ) |
| vs. | ) EXHIBIT B ) |
| THE SOUTHERN COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI, G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2020, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated September 8, 2020 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the Stipulation, including the definitions therein, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit A hereto.

4.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

5.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.    Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each and every Releasing Plaintiff Party (including each of the Class Members) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed each and every one of the Released Claims (including Unknown Claims) against each

and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

7.     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, all Releasing Plaintiff Parties (including each of the Class Members) and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.

8.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation or this Judgment are not released.

9.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.   No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.   A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.   The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.   Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

10.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or in any arbitration. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement.

13.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of August 15, 2020, as provided in the Stipulation.

15.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     There is no just reason to delay the entry of this Judgment in the Litigation.  Accordingly, the Court directs immediate entry of this final Judgment by

the Clerk of the Court dismissing this Litigation against all Defendants with prejudice, without cost to any party, except as provided for in the Stipulation.

IT IS SO ORDERED.

DATED:

_____          _____
                                THE HONORABLE WILLIAM M. RAY, II
                                UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on September 8, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

s/ DARRYL J. ALVARADO
DARRYL J. ALVARADO
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com