# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM and ROOFERS LOCAL NO. 149 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SOUTHER COMPANY, THOMAS A. FANNING, ART P. BEATTIE, EDWARD DAY, VI G. EDISON HOLLAND, JR., JOHN C. HUGGINS and THOMAS O. ANDERSON,<br><br>Defendants. | CIVIL ACTION NO: 1:17-cv-00241-WMR |

## **ORDER**

This matter came before the Court on January 14, 2021 pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") [Doc. 223] on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated September 8, 2020 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein ORDERS that:

1

1.    This Judgment incorporates by reference the Stipulation, including the definitions therein, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.    Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit A attached hereto.

4.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

    (a)    the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, adequate, and in the best interest of the Class;

    (b)    there was no collusion in connection with the Stipulation;

    (c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

5.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms

and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as to the extent provided in the Stipulation and herein.

6. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each and every Releasing Plaintiff Party (including each of the Class Members) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

7. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, all Releasing Plaintiff Parties (including each of the Class Members) and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant

Parties whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.

8. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation or this Judgment are not released.

9. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further

finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class, except those that have timely and validly requested exclusion from the Class and Judgment, are bound by this Judgment.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or in any arbitration. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement.

13. The Court finds that throughout the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the

Settling Parties shall revert to their respective positions in the Litigation as of August 15, 2020, as provided in the Stipulation.

15. The Court has considered the objections to the Settlement filed by Emery Lapinski, Herbert Brannen, J. Linwood Keith and John M. Mahone and finds them to be without merit. The objections are overruled in their entirety.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason to delay the entry of this Judgment in the Litigation. Accordingly, the Court directs immediate entry of this final Judgment by the Clerk of the Court dismissing this Litigation against all Defendants with prejudice, without cost to any party, except as provided for in the Stipulation.

**IT IS SO ORDERED** this 5th of February, 2021.

_William M. Ray II_
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE